IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELANIE A. KLINGENSMITH, individually and )
on behalf of all others similarly situated,    )
                                                )
                                                )
                Plaintiff,                      )
                                                )
    -vs-                                        )
                                                  Civil Action No. 07-322
                                                )
THE PARADISE SHOPS, INC., a corporation,        )
                                                )
                                                )
                Defendant.                      )

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Defendant, a Georgia corporation, seeks a transfer of this action pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Northern District of Georgia.  Putative Class Action Plaintiffs, one a resident of Pennsylvania and one a resident of California, oppose transfer.  I find that the convenience of the parties and witnesses and the interest of justice would best be served by a transfer.  The Motion is granted.

### OPINION

The Fair and Accurate Credit Transaction Act ("FACTA") is an amendment to the

Fair Credit Reporting Act ("FCRA"). Section 1681c(g)(1) of FACTA provides that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt ... ." 15 U.S.C. § 1681c(g)(1).[1] Defendant The Paradies Shops, Inc. ("Paradies") owns and operates airport gift shops in airports around the United States. Thus, although Paradies is a Georgia corporation, with headquarters in Atlanta, Georgia, it owns shops in Pittsburgh, Pennsylvania; Columbia, South Carolina; Dallas, Texas; Des Moines, Iowa; Harlingen, Texas; Albany, New York; Providence, Rhode Island; Indianapolis, Indiana; Nashville, Tennessee; Palm Beach, Florida; Islip, New York; Reno, Nevada; Spokane, Washington; Lexington, Kentucky; Long Beach, Burbank and San Francisco, California.[2]

Plaintiffs Melanie Klingensmith, a Pennsylvania resident, and Paul Kelly,[3] a California resident, purport to bring this action on behalf of a national class of debit and credit card holders who transacted business with Paradies and who received receipts that contained more than the last five digits of the card number and /or the expiration date on the receipts. Klingensmith and Kelly contend that Paradies willfully violated FACTA in this regard. Though they do not claim to have become

---

[1] FACTA required compliance with this provision by December 4, 2006 for any machine which was in use prior to January 1, 2005. Immediate compliance was required with respect to any machines first put into use after January 1, 2005. See 15 U.S.C. section 1681c(g)(3)(B).

[2] The corporate structure of each individual Paradies Shop depends upon the requirements of the particular airport. Some are structured as S corps, others as limited liability companies and others as C corporations.

[3] Paul Kelly initiated a similar action in California and later voluntarily dismissed that action and was added as a party plaintiff to this litigation.

victims of identity theft of credit / debit card fraud, they claim that Paradies' conscious disregard of FACTA's requirements exposed them to such risks. They seek on their own behalf, and on behalf of the putative class members, statutory damages in the amount of not less than $100 and not more than $1,000 for each violation and the costs of suit and reasonable attorney fees.

Paradies has filed a Motion to Transfer Venue To The Northern District of Georgia and Motion to Stay Discovery. See Docket No. [27]. Paradies urges that because all of the key witnesses, the locus of facts and the documents are located outside of this judicial district, and because Paradies' headquarters is in Atlanta, Georgia, a transfer is warranted. Klingensmith and Kelly oppose transfer. For the reasons set forth below, I find that a transfer is appropriate.

ANALYSIS

Paradies seeks a transfer pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Thus, § 1404(a) contemplates a two step inquiry: (1) determining first whether venue would be proper in the proposed forum; and (2) whether the convenience of the parties and witnesses and the interests of justice would be served by a transfer to the proposed forum. Here, there is no dispute that venue would be appropriate in the proposed forum. See Docket No. [30], p. 1. Paradies "resides" in Atlanta. Consequently, transfer depends upon "the convenience of the parties and witnesses and the interests of justice."

The Third Circuit Court has provided an extensive list of both private and public factors to consider in assessing whether the convenience of the parties and witnesses and the interests of justice would be furthered by a transfer:

> (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4) "convenience of the parties as indicated by their relative physical and financial conditions"; (5) "the convenience of the witnesses - but only to the extent that the witnesses may actually be unavailable for trial in one of the fora"; (6) the location of books and records; (7) the enforceability of the judgment; (8) practical considerations that could expedite or simplify trial; (9) the level of court congestion in the two fora; (10) "the local interest in deciding local controversies at home: (11) the public policies of the fora; and (12) in a diversity case, the familiarity of the two courts with state law.

In re Amendt, 169 Fed. Appx. 93, 96 (3d Cir. 2006), citing, Jumara v. State Farms Ins. Co., 55 F.3d 873, 879-80 (3d Cir. 1995). "The burden of showing a need for transfer is on the movant." Id.

I turn first to a consideration of the private factors. Typically, a plaintiff's choice of venue is entitled to deference and should not be lightly disturbed. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970), cert. denied, 401 U.S. 910 (1971). Klingensmith's choice of forum is obviously Pennsylvania. She resides in Pennsylvania and apparently her cause of action arose here. Kelly's choice of forum, while initially California, is now apparently Pennsylvania. However, he does not reside in Pennsylvania and it does not appear that his cause of action arose in Pennsylvania. Because of this, Klingensmith's and Kelly's choice of forum would be entitled to somewhat less weight.

4

Further, and more significantly, Klingensmith and Kelly are putative *class plaintiffs*.  "The United States Supreme Court has held that a plaintiff's choice of forum should be accorded less deference in class action suits since all members of the class could conceivably bring suit in his or her home forum." Howell v. Shaw Industries, Civ. No. 93-2068, 1993 WL 387901 at * 3 (E.D. Pa. Oct. 1, 1993), citing, Koster v. (American) Lumbermens Mutual Casualty Co., 330 U.S. 518, 524, 67 S. Ct. 828 (1947); see also All Terrain Vehicles Litigation, Civ. No. 88-237, 1989 WL 30948 at * 3 (E.D. Pa. Feb. 23, 1989); Donnelly v. Klosters Rederi A/S, 515 F. Supp. 5, 6 (E.D. Pa. 1981); Impervious Paint Industries Ltd. v. Ashland Oil, Inc., 444 F. Supp. 465 (E.D. Pa. 1978); and Goodman v. Fleischmann, 364 F. Supp. 1172, 1176 (E.D. Pa. 1973).  I find that Klingensmith's and Kelly's choice of forum is entitled to even less deference here where the Paradies shops are located nationwide.  There is every expectation that there will be more plaintiffs residing outside of Pennsylvania than within and that more causes of action will have arisen outside of Pennsylvania than within.  Paradies has submitted evidence indicating that its shop located within this forum accounts for less than 10% of its business. See Docket No. [27-14], ¶ 5.  Accordingly, more than 90% of the causes of action (and thus possibly  plaintiffs)  arose somewhere other than this forum.  Further, despite that Klingensmith and Kelly have expressed a preference for litigating in Pennsylvania, there is no indication that their role will be anything more than nominal in nature.  The focus of the litigation will be on Paradies' actions, not on any class members' actions.  Consequently, I find that Klingensmith's and Kelly's choice of forum is entitled to little deference.

I must also consider Paradies' choice of forum.  Obviously, Paradies would prefer that the action be transferred to Georgia. As stated above, Paradies is headquartered in Georgia.  The focus of this case, as acknowledged by both parties, will be Paradies' conduct.  In contrast with Klingensmith and Kelly, who will likely offer little testimony, Paradies' senior officers will likely testify at length during discovery and at trial regarding Paradies' alleged "willful" behavior.  The evidence before me indicates that all of these senior officers and key decision makers reside in Georgia. <u>See</u> Docket No. [27-14], ¶¶6-7.  Further, despite the fact that Paradies shops are located throughout the nation, the evidence before me indicates that all records held by Paradies regarding the matters at issue are located in Georgia. <u>Id</u>. As such, I find that this factor weighs in favor of a transfer.     In addressing the parties' choice of forum I briefly referenced another factor to be considered - where the cause of action arose.  Though neither party briefed the issue, presumably the cause of action arose at the point of sale.  Though Klingensmith's point of sale may have been in this forum, again, this is a nationwide class action. Paradies' shops are located throughout the country.  Thus, there is one identified cause of action arising in the forum state and the majority of other causes of action arising outside of the forum state. Klingensmith and Kelly do make the point that no Paradies airport shop is actually located in Georgia.  Presumably, then, no cause of action arose in Georgia.  Accordingly, I find this factor to be neutral in weight.

I must also consider the convenience of non-party witnesses.  Paradies has submitted the declaration of John O'Hare. <u>See</u> Docket No. [27-15].  O'Hare is the

Director of Information Technology for Paradies.  He explained that, on a daily basis, all of Paradies' shops ship hard copies of their credit and debit card receipts to a company called Terment, which maintains and stores the receipts. Id., ¶ 7.  Terment also processes the credit cards. Id. Terment has the information regarding the number of transactions that occurred during the relevant time period. Id.  Terment is not affiliated with Paradies, but is a vendor. Id.  Terment is located in Atlanta, Georgia and stores and maintains all of its records in Atlanta, Georgia. Id.

I agree with Paradies that Terment employees could be key witnesses, at least on the issue of the number of transactions during the period of time at issue. Certainly this would be relevant to the issue of damages.  Because Terment is located in Atlanta, it is beyond this Court's subpoena powers.  Terment is the *only* non-party witness identified by either party.  I consider this factor to weigh heavily in favor of a transfer.

I must also consider the location of the books and records.   "[T]he technological advances of recent years have significantly reduced the weight of this factor in the balance of convenience analysis." See Lomanno v. Black, 285 F. Supp.2d 637, 647 (E.D. Pa. 2003), quoting, Am. High-Income Trust v. Allied Signal Inc., Civ. No. 00-690, GMS, 2002 WL 373473 at * 5 (D. Del. March 7, March 7, 2002) (citations omitted). Nevertheless, this case does involve receipts of credit and debit card purchases. Indeed, they are the only records identified in this case.  It is undisputed that these documents and records are located either at the Paradies' headquarters in Georgia or at the Terment facility in Georgia. See Docket No. [27-15].  Accordingly, this factor,

while not accorded much weight, weighs in favor of a transfer.

I must also consider public factors, such as the enforceability of the judgment, court congestion in the two fora, public policy, et cetera. However neither party offers any substantive analysis. Accordingly, I will consider these factors neutral in weight.

In balance, then, I find that the private factors favor a transfer of this action to Georgia. Though Klingensmith and Kelly express a preference for litigating this action here, because this is a putative national class action with the vast majority of class members residing and causes of action arising outside of this forum, I find that this factor is entitled to little weight. The remaining private factors - Paradies' choice of forum, the convenience of the non-party witnesses and the location of books and records - weigh in favor of a transfer to Georgia. Accordingly, the Motion to Transfer (Docket No. [27] is granted.

* * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>ORDER OF COURT</u>

AND NOW, this **17th** day of July, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Defendant's Motion to Transfer Venue to the Northern District of Georgia and Motion to Stay Discovery (Docket No. [27]) is GRANTED. The Motion to Stay is denied as moot, the parties apparently having agreed to refrain from engaging in discovery during the

pendency of the litigation.

The Clerk of Courts is directed to transfer this case forthwith to the United States District Court for the Northern District of Georgia pursuant to 28 U.S.C. § 1404(a).

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge